IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02848-REB-MEH

YOLANDA CARBAUGH,

      Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

      Defendant.

---

## ORDER ON MOTION TO STRIKE DISCLOSURES

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Strike Plaintiff's Expert Disclosures [filed May 30, 2014; docket #23]. The matter is referred to this Court for disposition. (Docket #24.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication of the motion. For the reasons that follow, the Court **grants in part and denies in part** the Defendant's motion.

## I.     Background

In this lawsuit, Plaintiff, Yolanda Carbaugh ("Carbaugh"), alleges that Defendant Home Depot USA, Inc. ("Home Depot"), was negligent and violated the Colorado Premises Liability Act by allowing a sign to come loose and hit her in the forehead above her left eye when she visited the store on May 30, 2011. *See generally* Complaint, docket #4 at 3-4. The impact allegedly caused trauma, a contusion and other injuries to Carbaugh. *Id.*

On April 11, 2014, Carbaugh served an expert disclosure statement in this matter identifying nine expert witnesses. Docket #23-1. When Home Depot objected that the number of experts exceeding that order in the Scheduling Order, Carbaugh served a renewed expert disclosure

statement on April 24, 2014 disclosing five witnesses as "non-retained" experts: (1) John Tyler, M.D., a physician; (2) Thomas A. Wilson, O.D., an optometrist; (3) Anthony Ricci, Ph.D., a psychologist; (4) Kristin Perry, a speech language pathologist; and (4) Jeffrey Amsden, D.C., a chiropractor. *See* docket #23-3. For each expert witness, Carbaugh listed a summary of the witness' testimony. *See id.* In the present motion, Home Depot argues that the substance of the witnesses' reports exceeds the scope of non-retained expert testimony and, thus, each witness is required to comply with the full reporting requirements of Fed. R. Civ. P. 26(a)(2)(B). Alternatively, Home Depot contends that, if the Court finds the witnesses are subject to Fed. R. Civ. P. 26(a)(2)(C), the information provided by Plaintiff is insufficient. Home Depot concludes that, because Carbaugh has failed to comply with Rule 26(a)(2)(B) or Rule 26(a)(2)(C) requirements for each of her expert witnesses, the disclosures should be stricken pursuant to Fed. R. Civ. P. 37(c)(1).

Carbaugh counters that all five expert witnesses are treating physicians or health care providers and, as such, they are not required to submit reports pursuant to Rule 26(a)(2)(B). Response, docket #25 at 3. Alternatively, Carbaugh argues that she submitted to Home Depot reports by Tyler, Ricci and Wilson with her medical records in October 2013, and that she relies on her disclosures and the medical records by Perry and Amsden for their testimony. *Id.* at 4-5. Carbaugh contends that, because of these disclosures in October 2013, Home Depot has not, and cannot, demonstrate prejudice. *Id.* at 5.

Home Depot replies that the reports by Tyler, Ricci and Wilson demonstrate they were prepared at the request of Carbaugh's counsel and, thus, prepared for litigation rather than formed as a necessary part of Carbaugh's treatment. Home Depot also asserts that, while true the reports were provided in October 2013 with Carbaugh's initial disclosures, they were part of 30,000 pages of documents and Carbaugh never distinguished them nor referred Home Depot to them, even after Home Depot's counsel attempted to confer regarding the present motion. In addition, Carbaugh did

not attach the reports to her expert disclosures. Home Depot also contends that, even if the Court

were to find Carbaugh's physicians subject only to Rule 26(a)(2)(C), the reports do not comply with

the rule since Carbaugh failed to provide a summary of the facts and opinions to which each expert

is expected to testify. Finally, Home Depot argues it has been prejudiced since the rebuttal expert

designation deadline has passed and it has insufficient information by which to determine whether

to rebut Carbaugh's expert opinions.

The Court is now fully advised and finds as follows.

## II.   Analysis

Home Depot brings its motion pursuant to Rule 37(c), which states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The imposition of sanctions for abuse of discovery under Fed. R. Civ. P.

37 is a matter within the discretion of the trial court." *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th

Cir.), *cert. denied*, 513 U.S. 1000 (1994). A district court abuses its discretion "if the exclusion of

testimony results in fundamental unfairness in the trial of the case." *Id.* (citing *Smith v. Ford Motor*

*Co.*, 626 F.2d 784, 794 (10th Cir. 1980)).

Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness

it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Depending

upon the nature of the witness, a party may also need to disclose additional information. Fed. R.

Civ. P. 26 (a)(2)(B) provides in part that if "the witness is one retained or specially employed to

provide expert testimony in the case or one whose duties as the party's employee regularly involve

giving expert testimony," the disclosure must be supplemented by a written report containing

1.      a complete statement of all opinions the witness will express and the basis and

reasons for them;

2.      the facts or data considered by the witness in forming them;

3.      any exhibits that will be used to summarize or support them;

4.      the witness' qualifications, including a list of all publications authored in the previous 10 years;

5.      a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

6.      a statement of the compensation to be paid for the study and testimony in the case.

For all other "expert" witnesses, parties are required to disclose only "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The purpose of expert disclosures is "to eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006).

The Court notes at the outset that Rule 26(a)(2) addresses only the sufficiency of the disclosure. Compliance with Rule 26(a)(2) does not resolve whether witnesses are qualified under Fed. R. Evid. 702 or whether their testimony is admissible at trial. Home Depot's motion was brought pursuant to Rule 26(a)(2) and Rule 37(c)(1), and the Court will limit its analysis accordingly.

This Court has traditionally employed a burden-shifting procedure for determining whether the requirements of Rule 26(a)(2) have been satisfied . *Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *2 (D. Colo. June 17, 2010) (unpublished) ("[I]t is clear that some showing must be made to distinguish an expert witness not required to file a report

under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report."). The party moving to strike the witness bears the initial burden of showing that the disclosing party failed to produce a written report under Rule 26(a)(2)(B). *Id.* The burden then shifts to the disclosing party to demonstrate that the witness is not retained or specially employed and, thus, no report was required. *Id.* Because the rule was amended following *Morris* to require a non-retained expert to provide the subject matter and a summary of facts and opinions to which the expert is expected to testify, the standard has changed somewhat to require the movant to show that the disclosing party failed to meet all requirements of Rule 26(a)(2)(B), and the disclosing party must then demonstrate that the expert is not retained or specially employed so that the requirements of Rule 26(a)(2)(B) do not apply.

Ordinarily, physicians providing a party with medical treatment are designated as non-retained and, thus, are exempt from the report requirement. *Trejo v. Franklin*, No. 04-cv-02523-REB, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (unpublished) ("In general, treating physicians do not come within the purview of [the Rule 26(a)(2)(B)] requirement."). "[T]heir testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial." *Id.* (quoting *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995)). "The same rationale extends to treating physician opinions regarding causation and prognosis based on examination and treatment of the patient." *Id.* In addition, because treating physicians presumably keep medical records documenting their observations, findings, and treatment regimes, a written report usually would be unnecessary. *See Scholl v. Pateder*, No. 09-cv-02959-PAB-KLM, 2011 WL 2473284, at *3 (D. Colo. June 22, 2011) (unpublished).

Although a witness' records as a treating physician may, in some instances, obviate the need for a report, "[i]t is the substance of the expert's testimony, not the status of the expert, which will

dictate whether a Rule 26(a)(2)(B) report will be required." *Trejo*, 2007 WL 2221433 at \*2 (quoting *Harvey v. United States of America*, No. 04-cv-00188-WYD-CBS, 2005 WL 3164236, at \*8 (D. Colo. Nov. 28, 2005) (unpublished)).  When a witness' testimony is limited to his  observations, diagnosis and treatment of a patient, the physician "is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony about that treatment are based on his specialized knowledge and training." *Krischel v. Hennessy*, 533 F. Supp. 2d 790, 795 (N.D. Ill. 2008).  Under these circumstances, no Rule 26(a)(2)(B) report is necessary.  *Id.*  However, when a witness forms an opinion because there is a lawsuit, such as when he or she is asked to review the records of another health care provider in order to formulate his or her own opinion on the appropriateness of care, the witness is considered "retained or employed" under Rule 26(a)(2)(B) and must file a written report accordingly.  *Id.*; *see also Trejo*, 2007 WL 2221433 at \*1-\*2 (citing *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995)).

Again, Home Depot contends that Carbaugh's expert witnesses are subject to Rule 26(a)(2)(B) and should produce reports and, alternatively, the information provided by Carbaugh for each witness is insufficient under Rule 26(a)(2)(C).  Accordingly, the Court will determine first whether any of the identified "non-retained" experts should be subject to the requirements of Rule 26(a)(2)(B) and, if so, whether Carbaugh's failure to fully comply with the rule's requirements is substantially justified or harmless.  Second, if any witnesses are subject to Rule 26(a)(2)(C), the Court will determine whether the submitted information is sufficient.

A.   Retained vs. Non-Retained

Here, the Court finds that Home Depot has met its initial burden of showing that Carbaugh's "non-retained" witnesses failed to comply with all requirements set forth in Rule 26(a)(2)(B) by demonstrating that each of the identified "non-retained" experts failed to provide reports containing (but not limited to) their qualifications, exhibits they will use to summarize or support their opinions,

6

a list of previous testimonial experience, and a statement of compensation. Carbaugh does not contend otherwise, but asserts that these experts fall properly under Rule 26(a)(2)(C). Thus, the Court shifts its analysis to whether Carbaugh has demonstrated that her disclosed witnesses are properly designated as non-retained. Carbaugh relies on the information submitted in her expert designations, as well as applicable medical records, including reports by certain providers, submitted to Home Depot in October 2013. The Court will address each witness in turn.

1.      John Tyler, M.D.

According to Carbaugh's designation, Dr. Tyler is board certified in the field of Physical Medicine and Rehabilitation and treated the Plaintiff following her injury on May 30, 2011. Dr. Tyler will testify as to his examination, test results, treatment and patient consultations with Carbaugh, as well as that Carbaugh "probably" has neck pain, headaches, and superior medial periscapular pain. Docket #23-3 at 3. The Court finds these descriptions proper for a non-retained treating physician. However, Dr. Tyler also intends to provide opinions as to the causation and prognosis of Carbaugh's alleged injuries, as well as comments regarding the findings of other doctors. *Id.* at 3-4. In fact, in response to a request from Carbaugh's attorney, Dr. Tyler provided information and opinions concerning the cause of Carbaugh's alleged injuries and her prognosis. April 11, 2013 Letter from Dr. Tyler to Alan Higbie, Esq., docket #25-3 at 2-4. The Court concludes these latter findings and opinions, to the extent they rely (even in part) on the findings of other physicians, trigger the requirements of Rule 26(a)(2)(B). *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (expert falls outside the scope of treating physician when, to form an opinion, expert reviews information provided by party's attorney that was not reviewed during course of treatment).

Carbaugh argues that the April 11, 2013 letter properly constitutes a report pursuant to Rule 26(a)(2)(B). However, as set forth above, the letter does not contain Dr. Tyler's qualifications,

7

exhibits he will use to summarize or support his opinions, a list of previous testimonial experience, and a statement of compensation.  Moreover, Carbaugh does not contest Home Depot's assertions that she failed to distinguish the report as an expert report, to attach a copy of the report to the expert disclosure, and to refer Home Depot to the report upon its attempt to confer regarding expert designations.  The Court finds this conduct in contravention of Fed. R. Civ. P. 1 and 26 and this Court's local rules.

The Court concludes that Carbaugh did not comply with Rule 26(a)(2)(B)'s requirements as to Dr. Tyler's opinions formed upon the findings of other doctors, and pursuant to Rule 37(c)(1), the Court must determine whether Carbaugh's failure is substantially justified or harmless.  In *Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002), the Tenth Circuit noted that "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless."  *Id.* at 952.  In determining whether a violation is harmless, a trial court must consider the following:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* at 953.

In this case, discovery ended July 15, 2014, the trial preparation conference before Judge Blackburn is scheduled for November 21, 2014, and trial is scheduled to commence on December 15, 2014.  Furthermore, the deadline to file Rule 702 motions challenging expert testimony passed on July 2, 2014.  Thus, to the extent Judge Blackburn determines to keep the listed deadlines and conference dates, the prejudice to Home Depot in allowing Dr. Tyler to opine as a retained expert without required disclosures is evident.  Currently, there is no indication that the trial preparation conference or trial dates will change; therefore, the parties' ability to cure is limited.  Introducing Dr. Tyler's retained expert testimony at trial likely would be disruptive considering that Rule 702

challenges would be made at that time.  Finally, the Court perceives no bad faith or willfulness on the part of Home Depot in this matter.  Carbaugh's violation is neither justified nor harmless.

However, the Court finds that the combination of Dr. Tyler's report and the information set forth in the expert designation meet the requirements of Fed. R. Civ. P. 26(a)(2)(C) for the subject matter of the testimony, as well as a summary of facts and opinions to which Dr. Tyler may testify.

Therefore, the Court will strike, and Carbaugh may not use at trial, the following opinions and comments by Dr. Tyler as stated in the expert designation and formed because of the lawsuit or based upon the findings of any other physician[1]: (1) any information contained in Paragraph 2 (docket #23-3 at 3) beginning, "Further, Dr. Tyler would testify these diagnoses, conditions and injuries are a direct and proximate cause ..."; (2) any information contained in Paragraph 3 beginning, "Dr. Tyler may also testify that his diagnosis of neck pain ... is permanent ..."; (3) any information contained in Paragraph 4 beginning, "He will testify to his impressions of Ms. Carbaugh's pain and discomfort ..."; (4) opinions or information concerning other doctors' opinions or reports in Paragraph 2 (docket #23-3 at 4) beginning, "Dr. Tyler may also testify to other doctors [sic] opinions ..."; (5) opinions concerning causation in Paragraph 3 beginning, "He will give testimony regarding his opinions ..."; and (6) opinions concerning "requirements for future care, impairments and disabilities" in Paragraph 4.  Carbaugh may elicit testimony from Dr. Tyler limited to "his observations, diagnosis and treatment of a patient," in that "the physician is testifying about what he saw and did and why he did it."  Accordingly, Home Depot's motion is granted in part and

---

[1]Pursuant to Rule 37(c)(1), a party who fails to identify a witness or provide information as required by Rule 26(a) or (e) may not use the witness or the information at trial.  Fed. R. Civ. P. 37(c)(1).  Here, Carbaugh has properly identified expert witnesses and summarized their expected testimony; however, Home Depot contends (and the Court agrees) that Carbaugh failed to provide the information required to offer retained expert testimony.  Therefore, to the extent the Court concludes a witness intends to testify as a "retained expert" without satisfying Rule 26(a)(2)(B), the Court need only strike such testimony.

denied in part as to Dr. Tyler.

> 2.       Thomas A. Wilson, O.D.

According to his April 29, 2013 report addressed to Plaintiff's counsel, Dr. Wilson is an optometrist who began treating Carbaugh on August 21, 2012. *See* docket #25-3 at 21-22. Carbaugh initially complained to Dr. Wilson of "visual symptoms [that] occurred after the accident and she reports that they did not occur before the incident." *Id.* Dr. Wilson describes in his report his examination and treatment of Carbaugh since August 2012. *Id.* The Court finds the description generally proper testimony for a non-retained treating physician. However, in response to Carbaugh's counsel's specific questions, likely in anticipation of her lawsuit filed 10 days later (*see* docket #4), Dr. Wilson also opines as to causation, prognosis, and future treatment. *Id.* These latter opinions and findings trigger the requirements of Rule 26(a)(2)(B), and, as set forth above, it is undisputed that Carbaugh failed to meet the rule's requirements as to Dr. Wilson. For the same reasons listed for Dr. Tyler, Carbaugh's failure in this regard is neither substantially justified nor harmless; however, the Court finds Dr. Wilson's combined report and expert designation satisfy the Rule 26(a)(2)(C) requirements.

Therefore, the Court will strike, and Carbaugh may not use at trial, the following opinions and comments as stated by Dr. Wilson in the expert designation and formed because of the lawsuit or based upon the findings of any other physician: (1) any information contained in Paragraph 3 (docket #23-3 at 5) beginning, "Further, Dr. Wilson would testify these diagnoses, conditions and injuries are a direct and proximate result ..."; (2) any information contained in Paragraph 5 beginning, "Dr. Tyler may also testify that his diagnosis of superficial punctate keratitis ... is permanent ..."; (3) opinions concerning causation in Paragraph 2 (docket #23-3 at 6) beginning, "He will give testimony regarding his opinions ..."; and (4) opinions concerning "requirements for future care, impairments and disabilities" in Paragraph 3. This order does not preclude Dr. Wilson from

testifying as to what he saw, what he did and why he did it.  Accordingly, the Home Depot's motion is granted in part and denied in part as to Dr. Wilson.

> 3.     Anthony M. Ricci, Ph.D.

According to his February 7, 2012 report, Dr. Ricci is a psychologist who had seen and treated Carbaugh following her injury.  *See* docket #25-3 at 5-13.  Carbaugh reported to Dr. Ricci that she "was hit in the head at Home Depot on Woodman on May 30, 2011 by a big sign. I got dizzy and sick to my stomach." *Id.* at 5.  Dr. Ricci first saw Carbaugh on November 15, 2011.  Dr. Ricci describes his observations, diagnosis and treatment of Carbaugh.  Dr. Ricci also comments about the findings of other doctors; however, it is unclear whether he relied on these findings for his own diagnoses.  It also appears that Dr. Ricci assumes, without opining, Carbaugh's injuries were caused by the May 30, 2011 incident at Home Depot; as set forth above, Dr. Ricci is not permitted to opine about causation in this case because of the lawsuit or based upon other providers' findings.  Notably, there is no indication that Dr. Ricci's review was requested by any party or that the report itself was prepared in anticipation of trial; in fact, the report was addressed only to Dr. Tyler.  Thus, it appears that Dr. Ricci's opinions stemming from his review of the findings of other doctors (if any) were made during the course of his treatment of Carbaugh.  Consequently, the Court finds the information contained in Dr. Ricci's February 7, 2012 report contains proper testimony for a non-retained treating physician.

In a subsequent August 15, 2012 report to Dr. Tyler, Dr. Ricci provides a summary update of Carbaugh's reports and the information he has learned from her other health providers.  *See* docket #25-3 at 14-15.   The Court finds the information contained in Dr. Ricci's August 15, 2012 report, excluding any assumptions or opinion(s) as to causation, contains proper testimony for a non-retained treating physician.

However, on June 18, 2013, Dr. Ricci addressed a letter to Carbaugh's counsel setting forth

a "narrative report providing an opinion." Docket #25-2 at 17-20. Dr. Ricci explains his review of other medical providers' notes and findings, then proffers opinions on causation and prognosis. *See Trejo*, 2007 WL 2221433 at *1 ("[treating physicians'] testimony is based upon their personal knowledge of the treatment of the patient and *not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial*.") (quoting *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995)) (emphasis added). These opinions trigger the requirements of Rule 26(a)(2)(B); however, as with Dr. Tyler and Dr. Wilson, it is undisputed that Carbaugh failed to meet the rule's requirements as to Dr. Ricci. As set forth above, Carbaugh's failure in this regard is neither substantially justified nor harmless; however, the Court finds Dr. Ricci's combined reports and expert designation satisfy the Rule 26(a)(2)(C) requirements.

Therefore, the Court will strike, and Carbaugh may not use at trial, the following opinions and comments as stated by Dr. Ricci in the expert designation and formed because of the lawsuit or based upon the findings of any other provider: Dr. Ricci may not opine as to prognosis or causation to the extent these opinions were not formed during the course of his treatment of Carbaugh. That is, Dr. Ricci may testify concerning his observations, diagnosis and treatment of Carbaugh, including what he saw and did and why he did it; his opinions may not include any information he reviewed in preparing the June 13, 2012 report. Accordingly, Home Depot's motion is granted in part and denied in part as to Dr. Ricci.

4.     Kristin Perry SLP and Jeffrey Amsden, D.C.

Carbaugh proffers no reports by Ms. Perry and Dr. Amsden, but "relies upon the disclosure of their records and billings" in both state and federal courts. Response, docket #25 at 5. Nevertheless, Carbaugh offers these providers as experts pursuant to Fed. R. Civ. P. 26(a)(2) and asserts that they will opine as to prognosis, causation and future treatment. *See* docket #23-3 at 7-9. Such opinions formed because of the lawsuit or based upon the findings of any other physician

12

trigger the requirements of Rule 26(a)(2)(B); however, it is undisputed that Carbaugh failed to meet the rule's requirements as to Ms. Perry and Dr. Amsden.  Again, Carbaugh's failure in this regard is neither substantially justified nor harmless.

Moreover, it is the obligation of neither this Court nor Home Depot to scour the medical records for information concerning Ms. Perry's and Dr. Amsden's observations, findings and treatment of Carbaugh.  The Court finds that Carbaugh's expert designations of these providers, contain vague, boilerplate language and themselves are insufficient to meet the requirements of Fed. R. Civ. P. 26(a)(2)(C).  Accordingly, Ms. Perry and Dr. Amsden may not opine as experts pursuant to Fed. R. Civ. P. 26(a)(2).  Home Depot's motion is granted as to Ms. Perry and Dr. Amsden.

**III.    Conclusion**

For the reasons stated above, the Court finds that, to a certain extent, three identified witnesses, Drs. Tyler, Ricci and Wilson, are properly designated as non-retained treating physicians. However, according to their reports, each physician expects to proffer testimony as to certain opinions that trigger the requirements of Rule 26(a)(2)(B).  It is undisputed that Carbaugh did not meet the rule's requirements; therefore, the Court will strike only the non-compliant opinion testimony of these witnesses.

With respect to the remaining two witnesses, Ms. Perry and Dr. Amsden, the Court finds Carbaugh failed to meet the requirements of Rules 26(a)(2)(B) and 26(a)(2)(C).  Thus, the Court strikes Carbaugh's expert disclosures of Ms. Perry and Dr. Amsden and these witnesses may not testify as experts pursuant to Fed. R. Civ. P. 26(a)(2).

Accordingly, the Court **grants in part and denies in part** Defendant's Motion to Strike Plaintiff's Expert Disclosures [filed May 30, 2014; docket #23] as set forth herein.

Dated at Denver, Colorado, this 16th day of July, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge