**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02848-REB-MEH

YOLANDA CARBAUGH,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

**ORDER DENYING MOTION TO REMAND**

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion To Remand** [#9][1] filed November 18, 2014. The plaintiff filed a response [#12], and the defendant filed a reply [#13]. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one over which the district court would have had original jurisdiction. In order to properly effectuate removal, "[a] defendant or defendants . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  Generally, the notice of removal must be filed within 30 days after service of the initial pleading.  § 1446(b); **Murphy Brothers v. Michetti Pipe Stringing, Inc.**, 526 U.S. 344, 356 (1999) (holding that deadline for removal does not begin to run until party is formally served with process).  "(I)f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446 (b)(3).  When a notice of removal is untimely, removal should be denied even though the basis for the notice of removal otherwise is valid. **See Huffman v. Saul Holdings Limited Partnership**, 194 F.3d 1072, 1077 - 1079 (10th Cir. 1999).

When considering removal under § 1446, the amount in controversy is determined by examining contested factual assertions in the case that make it possible that at least 75,000 dollars is at issue. **McPhail v. Deere & Co.**, 529 F.3d 947, 954, 955 (10th Cir. 2008).  "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*. at 955 - 956.  "The amount in controversy is not proof of the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id*. at 956.  Notice of the amount in controversy "ought to be unequivocal.  It should not be one which may have a double design." **Akin v. Ashland Chem. Co.**,

156 F.3d 1030, 1035 (10th Cir. 1998) (internal quotation and citation omitted).  As used in § 1446(b), the word "ascertained" means "a statement that should not be ambiguous or one which requires an extensive investigation to determine the truth." *Id*. at 1035 (internal quotation and citation omitted).  "(T)he key to determining the date from which the clock begins to run is when the defendant is able to intelligently ascertain removability." *Id*. at 1036 (internal quotation and citation omitted).

### III.  ANALYSIS

The plaintiff, Yolanda Carbaugh, says she was injured while shopping at a Home Depot store.  She says she was struck on the head by a sign that was dislodged by the wind while she was shopping in the garden department.  As a result of this incident, she alleges she suffered injuries to her head and neck, vision problems, headaches, an unspecified closed head injury, and other unspecified injuries.  On May 8, 2013, Ms. Carbuagh filed a civil complaint [#4] in state court asserting claims against Home Depot based on the sign incident.  Consistent with the requirements of the Colorado Rules of Civil Procedure, Ms. Carbaugh does not allege in the complaint a specific amount of damages sought.

According to counsel for Ms. Carbaugh, before filing this lawsuit, counsel corresponded with Sedgewick Claims Management Services, which apparently is a claims manager for Home Depot.  *Motion to remand* [#9], Exhibit A (Higbie Affidavit [#9-2]).  According to counsel, he mailed the medical records of Ms. Carbaugh to Sedgewick on May 1, 2013, seven days before this lawsuit was filed.  *Letter* [#9-2], p. 7.  On June 20, 2013, six weeks after this lawsuit was filed, counsel mailed to Sedgewick a

letter in which he outlined the medical expenses incurred by Ms. Carbaugh to date, estimated her future medical expenses, and otherwise outlined the damages Ms. Carbaugh claims to have suffered as a result of the sign incident. *Letter* [#9-2], pp. 8 - 11. Counsel said in this letter that past medical expenses exceeded 38,000 dollars and future medical expenses are estimated to be 75,000 dollars. He also summarized alleged non-economic and physical impairment damages. Counsel indicated Ms. Carbaugh would release her claims against Home Depot in exchange for payment of 155,000 dollars. Home Depot was served with the complaint and a summons on July 30, 2013, about 11 weeks after this lawsuit was filed. July 30, 2013, the date Home Depot was served, is the earliest date from which the removal period could begin to run. ***Murphy Brothers***, 526 U.S. at 356.

On October 4, 2013, Ms. Carbaugh served on Home Depot her Initial Colorado Rule of Civil Procedure 26(a)(1) Disclosures (Initial Disclosures). In her Initial Disclosures, Ms. Carbaugh estimates her past medical expenses at just over 34,000 dollars, and says she seeks damages for future medical bills, disfigurement, pain and suffering, loss of enjoyment of life, and physical impairment. According to Home Depot, these Initial Disclosures were the first information it received, after it was served with the complaint, indicating that the amount in controversy exceeds 75,000 dollars. Home Depot filed its notice of removal [#1] on October 18, 2014.

Ms. Carbaugh argues that the 30 day period for filing a notice of removal began to run on July 30, 2013, when Home Depot was served with the complaint. She concedes that the complaint itself does not give a clear and unequivocal indication that the amount in controversy exceeds 75,000 dollars. *Motion* [#9-1], p. 3. However, she

contends that the complaint combined with the information in the June 20, 2013, demand letter give a clear and unequivocal indication that the amount in controversy exceeds 75,000 dollars. Home Depot contends that information delivered to a defendant before the defendant is served with a complaint is not properly considered when determining if the defendant has been given a clear and unequivocal indication that the amount in controversy exceeds 75,000 dollars. Rather, Home Depot asserts, if the complaint does not give a clear and unequivocal indication, the removal deadline is triggered only when an "other paper" subsequent to service of the complaint provides a clear and unequivocal indication. § 1446(b)(3). Home Depot is correct.

In ***Akin v. Ashland Chem. Co***., the United States Court of Appeals for the Tenth Circuit said:

> We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist. Rather, this court requires clear and unequivocal notice from the pleading itself, or a <u>subsequent</u> "other paper" such as an answer to interrogatory.

156 F.3d 1030, 1036 (10th Cir. 1998) (emphasis added; footnote omitted; quoting 28 U.S.C. § 1446(b)). Papers given to a defendant before a complaint is served may not properly be considered in determining when the defendant was given clear and unequivocal notice of the amount in controversy.

In this case, the complaint [#4] by itself did not give clear and unequivocal notice that the amount in controversy exceeded 75,000 dollars. Thus, service of the complaint on Home Depot did not trigger the 30 day removal period. Home Depot cites the Initial Disclosures, served on Home Depot October 4, 2013, as the first other paper provided to it subsequent to service of the complaint which gave Home Depot clear and

unequivocal notice that the amount in controversy exceeds 75,000 dollars. Ms. Carbaugh does not rely on any other paper served on Home Depot after the complaint was served as providing such notice. The 30 day period for removal began to run on October 4, 2013. Home Depot filed its notice of removal [#1] on October 18, 2014, less than 30 days later. The notice of removal [#1] was timely.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion To Remand** [#9] filed November 18, 2014, is **DENIED**.

Dated July 23, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge